## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:07cr341-3 |
| | : | (Judge Munley) |
| v. | : | |
| AARON SAUNDERS, | : | |
| Defendant | : | |

## MEMORANDUM

Before the court for disposition are pretrial motions filed by Defendant Aaron Saunders. The matters have been fully briefed and are ripe for disposition.

### Background

On September 4, 2007, a grand jury indicted Defendant Saunders and fourteen other for several drug-related crimes. Defendant Saunders is charged in three of the indictment's nineteen counts. The charges against him include: Count 1: conspiracy to distribute and possession with intent to distribute cocaine base (crack), heroin and marijuana in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A); Count 2, distribution and possession with intent to distribute cocaine base (crack) in of 21 U.S.C. 841(a)(1) and 18 U.S.C. § 2; and Count 7, distribution and possession with intent to distribute heroin and in excess of 500 grams of cocaine in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2.

### Discussion

Defendant has filed thirteen (13) pretrial motions. We will address them *in seriatim*.

## 1. Motion for Bill of Particulars

Defendant Saunders moves for a bill of particulars.  He asserts that the allegations of the indictment are not sufficiently specific as to time, place and type or quantities or drugs allegedly distributed so as to allow him to prepare for his trial.

Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the government to file a bill of particulars."  "The purpose of a bill of particulars is 'to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described defense.'" United States v. Urban, 404 F.3d 754, 771 (3d Cir. 2005) (quoting United States v. Addonizio, 451 F.2d 49 63-64 (3d Cir. 1972)).  "When it appears that the indictment does not inform the defendant with sufficient particularity of the charges against which he will have to defend at trial, he is entitled to a bill of particulars." Singer v. United States, 58 F.2d 74, 76 (3d Cir. 1932).  Such cases are limited, however, to cases where an indictment is so deficient that it "'significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial.'" United States v. Rosa, 891 F.2d 1063, 1066 (3d Cir. 1989).  A bill of particulars is not designed as a discovery device: "[a] bill of particulars, like discovery, is not intended to provide the defendant with the fruits of the government's investigation . . . Rather, it is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his own investigation." United States v. Smith, 776 F.2d 1104, 1112 (3d Cir. 1985).

We will deny defendant's motion for a bill of particulars.  We find that

the indictment makes Defendant Saunders aware of the charges against him.  The indictment reveals that he is charged with fourteen other defendants with participating in a drug trafficking conspiracy in Luzerne County between January 2007 and September 2007.  The conspiracy involved in excess of fifty (50) grams of cocaine base, cocaine, marijuana and heroin.  He is also charged with aiding and abetting another in distributing and possessing with intent to distribute cocaine base on February 10, 2007 in Luzerne County.  Finally, he is charged with specific co-defendants with distributing/possessing with intent to distribute cocaine or cocaine base on specific dates between March 26, 2007 and August 20, 2007.  Thus, the indictment informs plaintiff of the offenses for which he is charged, the places where the offenses occurred and the identities of the codefendants.

From the indictment, the defendants know "'fully, directly and expressly, without any uncertainty or ambiguity . . . all the elements necessary to constitute the offence intended to be punished.'" Hamling v. United States, 418 U.S. 87, 117 (1974) (quoting United States v. Carll, 105 U.S. 611, 612 (1882)).  Such information is adequate to inform defendant of the charges against him and allow him to conduct his own investigation of those charges.  See United States v. American Waste Fibers Co., Inc., 809 F.2d 1044, 1047 (4th Cir. 1987) (holding that "it is incorrect to require . . . that the indictment must enumerate every possible legal and factual theory of defendants' guilt.").  We also find that the indictment would not likely lead to a surprise at trial, since the defendant is aware of the charges he faces, and the events that gave rise to those charges.  Finally, defendant could not be charged twice for the same offense, since the

3

indictment describes the date of the incident, the parties involved, and the crime for which defendant is charged. Accordingly, the motion for a bill of particulars will be denied.

## 2. Brady Material

The United States Supreme Court in Brady v. Maryland held that the prosecution must not suppress evidence favorable to an accused where the evidence is material to either the defendant's guilt or to his punishment. 373 U.S. 83, 87 (1967). Therefore, even if no specific request is made, the prosecution is required to provide to the defendant evidence "obviously of such substantial value to the defense that elementary fairness requires it to be disclosed." United States v. Agurs, 427 U.S. 97, 110 (1976).

Defendant seeks any potentially exculpatory evidence as required by Brady and its progeny.  The defendant requests a variety of evidence, including, *inter alia*: statements of witnesses or participants favorable to him; names and addresses of witnesses favorable to the defense; evidence that tends to detract from the credibility or probative value of the evidence intended to be used by the prosecution; and  statements or evidence which tends to detract from the credibility or probative value of other testimony or evidence.

The United States indicates that it is aware of its continuing obligation to disclose any evidence favorable to the accused and will do so if it acquires such evidence. (Doc. 143, Brief of United States at 4). As the prosecution acknowledges its obligation and indicates that it will comply with the dictates of Brady, we will deny the motion as moot without prejudice to the defendant raising the issue again if appropriate in the future, if appropriate.

4

### 3. Motion to dismiss the indictment

Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides that "[t]he indictment or information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Defendant seeks dismissal of the indictment on the grounds that the conspiracy count does not provide a factual statement which would form the basis of any conspiratorial agreement and provides no information regarding the facts which the Government intends to prove as the overt acts committed by Defendant Saunders.

We will deny this motion. As set forth more fully above in our section discussing the motion for a bill of particulars, the indictment in the instant case sufficiently sets forth the charges against the defendant.

### 4. Preservation of notes, reports and other evidence

Next, the defendant seeks the preservation of the notes of the investigating officers, preliminary drafts of reports, videotapes, dispatch tapes and drugs seized. The government responds by indicating that it has notified investigators connected to the case to preserve whatever notes they may have made during interviews of potential witnesses and defendants. (Doc. 143, Brief of the United States at 6). The government does not appear to oppose the request to preserve videotapes, dispatch tapes and drugs seized. The government's main argument is that it need not provide rough notes of investigators to the defendant. Plaintiff has not asked for production of the material, however, but has asked merely for its preservation. Accordingly, this motion will be granted.

### 5. Motion to produce and preserve tapes of police interviews of defendant

Defendant also requests the production of tapes of police interviews of the defendant.  The government asserts that it is unaware that any such tapes exist.  (Doc. 143, Brief of the United States at 7).   If such recordings are found to exist the government agrees to provide copies to the defendant. (Id.).  Thus, this motion will be granted as unopposed.

## 6. Motion to sever

Defendant Saunders asserts that the government's case against him is weak and the evidence against the other co-defendants is both "direct and circumstantial. " (Doc. 104, Def. Brief at 17).  According to Defendant Saunders, the government will take advantage of the spillover effect of the evidence against his co-defendants to convince the jury he is guilty.  Thus, Saunders requests that the court sever Saunders' trial from that of the other defendants.  The motion will be denied.

Rule 8(b) of the Federal Rules of Criminal Procedure provides that "[t]wo or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." The United States Supreme Court has indicated that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993).  Such trials "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." Id. (internal quotation marks omitted).

Situations do exist, however, where a defendant should be tried separately from his co-defendants.  Rule 14 of the Rules of Criminal Procedure provides: "If it appears that a defendant or the government is

prejudiced by a joinder of ... defendants ... for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."

As set forth, above, the defendant claims that the spillover effect of the evidence against his co-defendants will cause him to suffer prejudice. We are unconvinced.  The jury can be instructed, and counsel may argue to the jury, that only the evidence against Defendant Saunders can be used against him, not the cumulative evidence against the remainder of the defendants. Zafiro v. United States 534, 506 (1993). "'[J]uries are presumed to follow their instructions.' " Id. (quoting Richardson v. Marsh, 481 U.S. 200, 211 (1987)).   The motion for severance will thus be denied.

## 7. Motion for discovery pursuant to Federal Rule of Criminal Procedure  16

Under Rule 16 of the Federal Rules of Criminal Procedure, upon request, the defendant is entitled to receive from the government certain discovery material such as statements of the defendant, defendant's prior record, documents and tangible objects, reports of examinations and tests and expert witnesses that the government intends to use in its case-in-chief at trial.   Defendant seeks the information that he is entitled to under Rule 16.

In response, the government indicates that it intends to hold a discovery conference whereat all defendants will be able to examine the physical evidence and that it will provide the names of its expert witnesses, lab reports, search warrants and photographs.

We will thus deny defendant's motion without prejudice.  If after the discovery conference, there is some specific evidence that the defendant

seeks that has not been provided, the defendant will be allowed to raise this issue again. If the conference has not yet been held, the government is ordered to schedule it within fourteen (14) days from the date of this order.

**8. Motion for disclosure Rules 404(b) and 609**

Rule 404(b) of the Federal Rules of Evidence provides that when the government intends to use evidence of other crimes, wrongs or acts as evidence in the trial, the government must, upon request of the defendant, provide the general nature of any such evidence it intends to produce. Additionally, Federal Rule of Evidence 609 provides that convictions that are more than ten (10) years old may be admissible against the defendant if the government provides sufficient advance written notice of intent to use such evidence.

Defendant asserts that he has requested 404(b) evidence, and the government has not provided it. Additionally, defendant asserts that the government has not provided any notice with regard to Rule 609. Defendant requests the court to order the government to provide the written notice immediately and/or well in advance of trial.

In response, the government states that it will provide defense counsel with defendant's prior record and that it will use all evidence, including evidence or prior bad acts or crimes, permitted by the rules of criminal procedure. (Doc. 143, Government's Brief at 11). Thus, the government agrees to provide the evidence defendant seeks and has provided the notice sought by the defendant. The motion will be denied as moot.

8

## 9. Motion for disclosure Rule 807

Rule 807 of the Federal Rules of Evidence provides that certain hearsay statements may only be used at trial if notice is provided to the adverse party "sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it." Defendant moves to have the court order the government to produce any Rule 807 evidence it intends to use at trial immediately or be precluded from using it.

The government indicates that it "will use all co-conspirator and other hearsay statements that may be admissible at trial against [defendant]. Such statements will be provided to defense counsel as part of *Jencks* statements discovery." (Doc. 143, Government's Brief at 11). The government's argument is not clear. Rule 807 is directed at providing evidence before trial, and *Jencks* material is provided after a witness testifies. To clear up this seeming discrepancy, we will allow the government to expand on its position in a brief - not to exceed three (3) pages - to be filed by Friday, May 2, 2008. The defendant may file a reply to the government's brief -with the same page restrictions -  by Friday, May 9, 2008. We will reserve deciding this motion until the supplemental briefing is completed.

## 10. Motion for early disclosure of statements

Next, the defendant moves for early disclosure of material that falls under the Jenck's Act, 18 U.S.C. § 3500, which covers the government's duty to produce statements or reports of witnesses. This statute provides as follows:

> After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of

> the witness in the possession of the United States
> which relates to the subject matter as to which the
> witness has testified. If the entire contents of any
> such statement relate to the subject matter of the
> testimony of the witness, the court shall order it to
> be delivered directly to the defendant for his
> examination and use.

18 U.S.C. § 3500(b).

Defendant moves for the disclosure of this material at least two (2) weeks prior to the trial. The motion will be denied. As set forth above, the material is not required to be handed over until after a witness has testified on direct examination.

## 11. Motion for grand jury transcripts

Defendant first moves for the disclosure of grand jury transcripts pursuant to Rule 6(e)(3)(C)(ii) of the Federal Rules of Criminal Procedure. The government's response is that any grand jury transcripts will be provided in compliance with the Jencks Act, 18 U.S.C. § 3500 and the Rules of Criminal Procedure.

We are not convinced by the government's argument but we will nonetheless deny the motion. Pretrial discovery of grand jury testimony is governed by Rule 6(e), not the Jencks Act, which applies to disclosure of a witness's testimony after he testifies at trial.

The law provides: "As a matter of public policy, grand jury proceedings generally must remain secret except where there is a compelling necessity." United States v. McDowell, 888 F.2d 285, 289 (3d Cir. 1989) (citing United States v. Proctor & Gamble, 356 U.S. 677, 682 (1957). In order to justify pretrial disclosure of grand jury transcripts, "a party must show a particularized need for that information which outweighs the public interest in secrecy." Id. (citing Proctor & Gamble, 356 U.S. at 683).

10

In the instant case, the defendant argues that information provided in discovery indicates that the grand jury was misinformed about some or all of the facts in the case.   Count 7 of the indictment charges defendant with regard to heroin.  The police report provided by the government to the defendant indicates that he had been previously arrested with regard to heroin, not that it was found during the vehicle stop in question on May 4, 2007.  Defendant also argues that cell phones found in the vehicle were not associated with him.   We find that these assertions are not sufficient to compel the discovery of the grand jury testimony.  Defendant is merely arguing about a possible discrepancy between the police report and the charges found in the indictment.  The police report, however, was presumably not the only piece of evidence presented to the grand jury.  The defendant will have the opportunity to review the actual evidence that the prosecution has against him as the case moves through the usual criminal procedures.

Defendant also argues that he was told by Drug Enforcement Administration ("DEA") Task Force Officer Coffay that the grand jury was comprised of twenty-four members, in violation of the rule that a grand jury must have sixteen to twenty-three members.   We will not order the discovery of the grand jury transcripts merely based upon statements allegedly made to the defendant.  If, using the proper tools of discovery, the defendant determines that an inappropriate number of grand jurors was used we can address the issue then.  Moreover, although, the law provides that a grand jury must be made up of sixteen to twenty-three members, it also provides for alternate jurors.  See  FED. R. CRIM. P. 6(a) and 6(b).

There may be pretrial discovery of testimony of witness before grand

jury when it relates to the dismissal of the indictment or upon showing of substantial likelihood of gross or prejudicial irregularities in conduct of grand jury; mere speculation that such improprieties may have occurred will not suffice to support that required showing. United States v. Budzanoski, 462 F.2d 443 (3d Cir. 1972) cert. denied 409 U.S. 949 (1972). The factors discussed by the defendant do not rise to the level of "gross or prejudicial irregularities."[1]

## 12. Motion for pre-trial hearing to determine existence of conspiracy

Defendant also moves for a pre-trial hearing to determine the existence of a conspiracy. He seeks to have a full evidentiary hearing on the admissibility of the co-conspirator's statements, or in the alternative, a pre-trial proffer from the government of the evidence it intends to present to establish the existence of the conspiracy and statements made in furtherance of that conspiracy and declarant of those statements. Defendant has cited no authority that compels us to grant this motion. The motion will thus be denied. The grand jury was presented with evidence, and it found there was sufficient evidence to charge the defendant with conspiracy. No reason exists for this court to now hold a supplementary hearing to examine that finding. The admissibility of statements of co-conspirators can be taken up later at a more appropriate time.

## 13. Motion to inspect jury records and quash grand jury panel

Finally, the defendant moves to inspect grand jury records and to quash the grand jury panel. Defendant argues that perjured testimony was

---

[1]See also our discussion in section 13 regarding the motion to inspect jury records and quash the grand jury panel.

presented to the grand jury that led it to conclude that Defendant Saunders possessed heroin. The record reveals that Count VII of the Indictment has been amended to remove the reference to heroin. Thus, defendant has established no prejudice with regard to this testimony and, we will deny the defendant's motion on that ground.

Defendant also asserts that the grand jury was improperly constituted, did not represent a fair cross section of the community and/or a cognizable class of persons had been excluded. Defendant bases this claim upon 28 U.S.C. § 1867(f). However, to bring such a challenge the defendant must present a "sworn statement of facts, which, if true, would constitute a substantial failure to comply with the provisions" of the Jury Selection and Service Act. 28 U.S.C. § 1867(e). Because this requirement has not been met, the motion will be denied. See United States v. Frumento, 409 F. Supp. 136 (E.D. Pa. 1976) (holding that if a defendant fails to provide a sworn statement of facts a motion challenging the grand jury selection should be denied).

**Conclusion**

All of Defendant Saunder's pretrial motions will be denied except for the motion to preserve notes, reports and evidence and the motion to produce and preserve tapes of police interviews. An appropriate order follows.

13

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **No. 3:07cr341-3** |
| | : | **(Judge Munley)** |
| v. | : | |
| **AARON SAUNDERS,** | : | |
| Defendant | : | |

## ORDER

**AND NOW**, to wit, this 28ᵗʰ day of April 2008, it is hereby **ORDERED** as follows:

1) Defendant's motion for a bill of particulars (Doc. 97) is **DENIED**;

2) Defendant's motion for production of evidence (Doc. 101) under Brady is hereby **DENIED** as moot, without prejudice to the defendant raising the issue again if it becomes necessary;

3) Defendant's motion to dismiss the indictment (Doc. 96) is **DENIED**;

4) Defendant's motion to preserve notes, reports and evidence (Doc. 102) is **GRANTED**;

5) Defendant's motion to produce and preserve tapes of police interviews (Doc. 98) is hereby **GRANTED** as unopposed;

6) Defendant's motion to sever his trial from his co-defendants' trial (Doc. 93) is **DENIED**;

7) Defendant's motion for discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure (Doc. 95) is **DENIED** without prejudice to the plaintiff raising this issue if appropriate.  The United States is directed to schedule a discovery conference within fourteen (14) days from the date of this order, if one has not already been held;

8) Defendant's motion for disclosure under Rules 404(b) and 609 of the Federal Rules of Evidence (Doc. 99) is **DENIED** as moot;

9) The United States is directed to file a supplemental brief, not to exceed three (3) pages regarding defendant's motion for disclosure under Rule 807 of the Federal Rules of Evidence (Doc. 100) by Friday May 2, 2008.  The defendant shall file a reply brief not to exceed three (3) pages by May 9, 2008.   Please see discussion in section 9 of the memorandum, page nine *supra*.

10) Defendant's motion for early disclosure of statements (Doc. 94) is hereby **DENIED**;

11) Defendant's motion for grand jury transcripts (Doc. 91) is **DENIED**;

12) Defendant's motion for pre-trial hearing to determine the existence of conspiracy (Doc. 92) is **DENIED**; and

13) Defendant's motion to inspect jury records and quash grand jury panel (Doc. 103) is **DENIED**.

**BY THE COURT:**

JUDGE JAMES M. MUNLEY
**United States District Court**

15